USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

FLEXTECH RIGHTS LIMITED,                    :

                    Plaintiff,       :    **MEMORANDUM DECISION**

          - against -               :    09 Civ. 3462 (DC)

RHI ENTERTAINMENT, LLC and RHI        :
ENTERTAINMENT DISTRIBUTION, LLC,
                                    :
                    Defendants.
                                    :
- - - - - - - - - - - - - - - - -x

**APPEARANCES:**    FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
                Attorneys for Plaintiff
                By:  Elliot E. Polebaum, Esq.
                1001 Pennsylvania Avenue, N.W., Suite 800
                Washington, D.C.  20004

                PRYOR CASHMAN LLP
                 Attorneys for Defendants
                    By:  Philip R. Hoffman, Esq.
                7 Times Square
                New York, NY 10036

**CHIN, District Judge**

            In 2007, plaintiff Flextech Rights Limited

("Flextech") sued defendants RHI Entertainment, LLC and RHI

Entertainment Distribution, LLC (together, "RHI") in this Court

for breach of an agreement relating to distribution rights to

certain movies.  See Flextech Rights Ltd. v. Hallmark

Entertainment Inc., No. 07 Civ. 10676 (DC).  The lawsuit was

settled when Flextech and RHI entered into a settlement

agreement (the "Agreement") in May 2008.  In the present case,

Flextech sues RHI for breach of the Agreement.  Before the Court

is Flextech's motion for judgment on the pleadings for the

relief requested in its complaint.  For the reasons that follow,

the motion is granted.

## BACKGROUND

### A. The Facts

The facts are not in dispute, as RHI's answer admits all the relevant facts asserted in Flextech's complaint. The facts are as follows:

In May 2008, Flextech and RHI entered into the Agreement to settle the prior lawsuit. (Compl. ¶¶ 8-10 & Ex. A; Answ. ¶¶ 8-10). The Agreement provided for RHI to pay Flextech $3.9 million in "two (2) equal installments" of $1.95 million each, with the first installment "due no later than November 15, 2008" and the second installment "due no later than February 15, 2009." (Compl. ¶ 12 & Ex. A ¶ 1; see Answ. ¶ 12).

RHI paid the first installment of $1.95 million. (Compl. ¶ 13; Answ. ¶ 13). RHI did not, however, pay the second installment due of $1.95 million. (Compl. ¶ 14; Answ. ¶ 14). Flextech thereafter notified RHI that the second installment was past due and that RHI was in default. (Compl. ¶ 15 & Ex. B; Answ. ¶ 15).

### B. Prior Proceedings

Flextech commenced this diversity action on April 6, 2009. RHI filed an answer on April 27, 2009. This motion for judgment on the pleadings followed.

## DISCUSSION

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

-2-

Motions for judgment on the pleadings are governed by the same standards applicable to Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006). The granting of a motion for judgment on the pleadings is appropriate only if, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or a plausible defense. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations'" and will not defeat the motion. Gavish v. Revlon, Inc., No. 00 Civ. 7291 (SHS), 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting Citibank, N.A. v. Itochu Int'l, Inc., No. 01 Civ. 6007 (GBD), 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003)).

While Rule 12(c) motions are usually filed by defendants seeking dismissal of a plaintiff's complaint, they may be filed by a plaintiff seeking judgment as a matter of law for the relief requested in the complaint. See Fed. R. Civ. P. 12(c) ("a party" may move for judgment on pleadings). When a plaintiff is the moving party, "the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." See 5C Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1368 & n.20 (3d ed. 2009); see also Austad v. United States, 386 F.2d 147,

149 (9th Cir. 1967) (reversing trial court's grant of Government's motion for judgment on pleadings in mortgage foreclosure action brought by Government, where "defendants' answer raised a defense which, if proved, would have defeated the Government's claim").

Here, RHI has admitted that it entered into the Agreement and that it failed to pay the second installment when it was due. RHI has not alleged any facts or asserted any plausible defense in its answer that, if proved, would defeat Flextech's claim.

RHI argues that events subsequent to the filing of the answer make judgment on the pleadings premature. (Def. Mem. at 1). The argument fails, except to the extent that RHI is entitled to a credit for amounts paid after suit was filed. RHI has made two payments of $162,500 each -- the first on April 27, 2009, and the second on June 8, 2009. (Hoberman Decl. ¶¶ 5, 10). Flextech acknowledges the two payments and agrees that RHI is entitled to credit for them. (Pl. Mem. at 2 n.3; Pl. Reply Mem. at 2 n.1).

RHI argues that it has "sought in good faith to work out a payment plan to spread the payments over the course of one year." (Def. Mem. at 2). The flaw with this argument, of course, is that even if this is true, the Agreement called for a payment of $1.95 million no later than February 15, 2009, and not for twelve installments of $162,500 each spread out over the course of one year. Indeed, RHI is trying, in effect, to

-4-

unilaterally re-write or modify the Agreement. It may not do so. To the contrary, the Agreement provides that none of its provisions "shall be modified, amended, extended, supplemented, discharged, terminated or waived except by a writing specifically referring thereto, signed by all of the Parties hereto." (Agreement § 10). No such signed writing has been alleged here, and no such agreement exists.

On the pleadings before me, and on the facts admitted by RHI, I conclude that Flextech is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Flextech's motion for judgment on the pleadings is granted. Judgment will be entered against RHI awarding Flextech $1.95 million less credit for the two payments of $162,500 each, together with pre-judgment interest in accordance with N.Y. CPLR 5001 and 5004, post-judgment interest as permitted by law until the judgment is satisfied, and costs. Flextech shall submit a proposed judgment, which includes a pre-judgment interest calculation, on notice within five business days hereof.

SO ORDERED.

Dated:   New York, New York
         January 21, 2010

DENNY CHIN
United States District Judge